IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Plaintiff,

v.   No. 1:21-cv-00670-KWR-KBM

T. HATCH, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's post-judgment motions and objections seeking reconsideration. *See* Docs. 12-20. Plaintiff challenges the ruling dismissing his prisoner civil rights action. The Court dismissed this case without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Orders. *See* Docs. 10, 11. Plaintiff failed to pay the filing fee when he submitted the Complaint. The Court entered Orders directing him to file an *in forma pauperis* motion and inmate account statement. *See* Docs. 2, 4. He complied, but the Court denied leave to proceed *in forma pauperis*. *See* Doc. 7. Plaintiff had $1,070.97 in his inmate spending account and could afford to pay the $402 filing fee. *See* Doc. 6 at 4. Plaintiff did not pay the fee by the October 7, 2021 deadline or show cause for such failure. The Court entered an Order of Dismissal and Judgment on October 12, 2021. *See* Docs. 10, 11.

Plaintiff filed his first post-judgment motion within 28 days after entry of the Judgment, but some were filed later. *See* Docs. 12-20. The Court will therefore analyze whether there are grounds for relief from the Judgment under Fed. R. Civ. P. 59 and 60(b). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (motions to reconsider filed within 28 days after the judgment are generally analyzed under Rule 59, and any later motions are analyzed under Rule 60). Rule

59(e) permits relief based on: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud.  *See* Fed. R. Civ. P. 60(1)-(3).  Rule 60(b)(6) also contains a catchall clause for any other reason that justifies relief.  However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief."  *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).  Courts have considerable discretion in deciding whether to reconsider a judgment.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

The post-judgment filings allege Plaintiff submitted a debit memo in September of 2021 asking prison officials to send a check for the $402 filing fee. *See* Docs. 12-18.  There was initially an issue with the signature on the debit memo, but it appears the money was deducted from his account on September 24, 2021. *Id.; see also* Doc. 19 at 4.  Over 10 months have passed since that date, and no funds arrived at the Federal Court.  The Court searched every federal case Plaintiff has filed to confirm the funds were not misapplied.  The Court also searched the CM/ECF event code associated with the payment of any federal filing fee - using a date range of thirty days after the check was allegedly issued on September 24, 2021 - and there is no indication the payment was misapplied to any federal case. On April 14, 2022, Plaintiff filed a new prisoner case.  *See Wiggins v. LNU,* 22-cv-279 JCH-KBM.  The Complaint purports to raise the same claims implicated in this case, which were dismissed without prejudice, along with claims related to the lost filing fee.  *See* Doc. 1 at 3 in 22-cv-279 JCH-KBM.

Because the filing fee remains due, and based on Plaintiff's new Complaint, the Court declines to reopen the instant case. There is no authority permitting the Court to waive the filing fee based on an administrative mix-up and/or an inmate's refusal to send another check while the issue is resolved. Reopening the case at this stage is also unnecessary and would result in duplicative litigation. *Cf Gabriel v. Melton Truck Lines,* 2022 WL 1275242, at *1 (10th Cir. Apr. 29, 2022) ("[T]he rule against claim-splitting … requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.") (quotations omitted). The Order of Dismissal was entered without prejudice; it does not count as a strike for purposes of 28 U.S.C. § 1915(g); and Plaintiff is continuing to prosecute his claims in Case No. 22-cv-279 JCH-KBM. Accordingly, the Court will deny Plaintiff's post-judgment motions and objections (Docs. 12-20) without prejudice to pursuing claims in his new case. Plaintiff may present this Order to prison officials to confirm that any check issued on September 24, 2021 (Check No. 462777) never arrived at the Federal Court. *See* Doc. 19 at 4 (reflecting the check number and deduction from Plaintiff's inmate account). If prison officials refuse to cancel the check and refund Plaintiff's funds, he may file a separate motion seeking injunctive relief in Case No. 22-cv-279 JCH-KBM.

**IT IS ORDERED** that Plaintiff Matthew Wiggins' post-judgment motions and objections seeking reconsideration (**Docs. 12-20**) are **DENIED**.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**