IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Plaintiff,

v.                                                                                                      No. 1:21-cv-00670-KWR-KBM

T. HATCH, *et al*,

    Defendants.

## ORDER REOPENING CASE

**THIS MATTER** is before the Court following further research regarding the filing fee and on Plaintiff's post-judgment Motion for Preliminary Injunction (Doc. 22) (Motion).  The Motion alleges, inter alia, that Plaintiff's filing fee is missing.  *See* Doc. 22 at 1.  The Court discerns Plaintiff challenges the dismissal of this case under Fed. R. Civ. P. 41(b) for failure to prosecute and comply with Orders.  *See* Docs. 10, 11.  By an Order entered September 7, 2021, the Court denied leave to proceed *in forma pauperis* and directed Plaintiff to pay the $402 filing fee within thirty days.  It appeared Plaintiff failed to comply, and the Court entered an Order of Dismissal and Judgment on October 12, 2021.  *See* Docs. 10, 11.  A recent reconciliation process reveals that Plaintiff's fee arrived on September 29, 2021.  *See* Doc. 24.  The Clerk's Office credited the payment to this case to reflect that Plaintiff timely complied with the payment obligation.

        Fed. R. Civ. P. 60(a) permits relief from a judgment in the event of a "clerical mistake … or … oversight or omission, whenever one is found in a judgment, order, or other part of the record."  Rule 60(a) does not contain a time limit on such relief, provided an appeal is not pending. *See Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.,* 532 F.3d 1063, 1085 (10th Cir. 2008) ("clerical mistakes … may be corrected by the court at any time" under Rule 60(a)). Rule 60(b)(6) - which is also exempt from the one-year limitation contained in Rule 60(c) - permits

relief from the judgment for "any reason that justifies relief." Such relief is rare, but Rule 60(b)(6) can be applied where denying relief would "offend[] justice." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005). No appeal is pending, and reopening this case is in the interest of justice. The Court therefore concludes relief is appropriate under Rules 60(a) and 60(b)(6). The Motion is granted, to the extent Plaintiff seeks to reopen the case. The Court declines to issue an injunction at this time but will consider such request when the Amended Complaint (Doc. 8) is screened. *See* 28 U.S.C. § 1915A (requiring *sua sponte* review of prisoner complaints against government officials).

**IT IS ORDERED** that Plaintiff's post-judgment Motion for Preliminary Injunction (**Doc. 22**) is **GRANTED, IN PART,** to the extent Plaintiff seeks relief from the Order of Dismissal and Judgment entered October 12, 2021; and the Clerk's Office **SHALL REOPEN** the above-captioned case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**