IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Plaintiff,

v.   No. 1:21-cv-00670-KWR-KBM

T. HATCH, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Matthew Wiggins' Amended Prisoner Civil Rights Complaint (Doc. 8) (Amended Complaint). Also before the Court are his Motions Showing Cases are One Case and Request for Findings and Conclusions (Docs. 26, 27). Wiggins is incarcerated and proceeding *pro se*. He alleges prison officials violated a myriad of constitutional rights, but the factual basis for his claims is unclear. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will deny the motions; dismiss the Amended Complaint; and grant leave to amend.

## BACKGROUND

Wiggins is incarcerated at the Penitentiary of New Mexico (PNM). He initiated this case on July 20, 2021 by filing a 99-page Civil Rights Complaint. *See* Doc. 1. Wiggins also filed a motion for leave to proceed *in forma pauperis*. *See* Doc. 4. Because Wiggins had a balance of $1,070.97 in his inmate spending account, the Court denied the motion and directed him to prepay the $402 filing fee by October 7, 2021. *See* Doc. 7. It appeared Wiggins failed to comply, and the Court entered an Order of Dismissal on October 12, 2021. *See* Doc. 10. Wiggins sought reconsideration, but his earlier motions failed to include sufficient information showing his payment timely arrived at the Clerk's Office. *See* Docs. 12-18. Before the Court ruled on

reconsideration in this case, Wiggins filed a new civil rights action, *Wiggins v. LNU,* 22-cv-279 JCH-KBM.  The complaint in *Wiggins v. LNU,* 22-cv-279 JCH-KBM purports to raise the same claims implicated in this case, although as noted below, the extent of the overlap is not clear.  The Court initially declined to reopen this case.  *See* Doc. 21.

The Clerk's Office conducted a financial reconciliation in November of 2022, which revealed Wiggins' filing fee arrived at the Court on September 29, 2021.  *See* Doc. 24.  The Clerk's Office filed a letter explaining that Wiggins timely complied with the payment obligation and credited the payment to this case.  *Id.*  By an Order entered November 30, 2022, the Court reopened this case.  *See* Doc. 25.

Wiggins then filed two letter-motions, which appear to seek: (1) a refund of $25, which is equal to the partial filing fee paid in his other case, *Wiggins v. LNU,* 22-cv-279 JCH-KBM; (2) consolidation of his two cases; (3) the issuance of findings and conclusions; and (4) the issuance of notice under Fed. R. Civ. P. 5.1 that he intends to challenge the constitutionality of a statute.  *See* Docs. 26, 27.  The motions also raise some substantive allegations, but it does not appear that Wiggins intended for the motions to function as an amended complaint.  *Id.*  The Court will consider which claims are pending, based on the Amended Complaint (Doc. 8), and whether those claims survive screening before turning to Wiggins' procedural requests.

### STANDARDS GOVERNING INITIAL REVIEW

Where, as here, a prisoner files a claim against a government official, the Court must perform a screening function under 28 U.S.C. Section 1915A.  Under § 1915A, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint ... is frivolous, malicious, or fails to state a claim on which relief may be granted."  28 U.S.C. § 1915A(b).  The

Court may also dismiss a complaint under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, ... confusion of various legal theories, ..., or ... unfamiliarity with pleading requirements." *Id*. However, it is not the role of the Court to advocate, scour the record piece together a claim, or craft arguments for a *pro se* party. *Id*.

## DISCUSSION

### A. Wiggins Fails to State a Cognizable Claim

As an initial matter, Wiggins appears to raise substantive claims in several different documents. The Amended Complaint (Doc. 8) is the most recent pleading on file, but it purports to incorporate his prior complaints (Docs. 1, 3) by reference. The prior complaints include over 110 pages of argument and exhibits. Additional allegations and claims also appear in Wiggins' Notice of Preliminary Injunction (Doc. 22) and Request for Magistrate Judge's Findings and Conclusions (Doc. 27). "It is not the role of ... the court ... to sort through ... voluminous exhibits

... to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014). *See also* Fed. R. Civ. P. 8(a) (the controlling pleading must contain a short and plain statement of the grounds for relief). Moreover, it is well established that the filing of an "amended complaint … supersedes the original complaint's allegations." *May v. Segovia*, 929 F.3d 1223, 1229 (10th Cir. 2019). The Court will therefore limit its review to whether damages or injunctive relief are available based on the Amended Complaint (Doc. 8), which is the most recent formal pleading on file.

The Amended Complaint raises claims under 42 U.S.C. § 1983, the "remedial vehicle for raising … [a] violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Amended Complaint contains a list of Defendants - T. Hatch, Beninger, Montoya, Martin, Jaramillo, Trujillo, and Vandiver - but Wiggins fails to describe how any of them were personally involved in the alleged wrongdoing. The Amended Complaint merely cites a list of claims and alleges Defendants "willfully subjected or deprived [Wiggins] of constitutional rights." Doc. 8 at 2. "When various officials have taken different actions with respect to a plaintiff, … [the] undifferentiated contention that 'defendants' infringed his rights" will not suffice. *Pahls v.*

4

*Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013).  *See also Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) (A successful § 1983 complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her").  The Amended Complaint therefore fails to state a cognizable claim against any named Defendant.

Alternatively, even if the Amended Complaint tied Defendants to the alleged wrongdoing, the pleading lacks sufficient factual detail to support any claim.  Wiggins alleges:

(1) He can show "prejudice, abuse of discretion, [and] bias."

(2) The New Mexico Corrections Department deprived him of "equal protections, life, liberty, and substantive due process," his due process claims are plausible on their face; and the Court should "preserve the integrity of the process," emphasize reliability, eliminate errors, and presume innocence.

(3) He has experienced "mental disabilities, threats to [his] life, and assaults … d[ue] to [his] charges," but there is no "oversight" or "integrity" with respect to internal prison procedures.

(4) CD Policy 150500.2 constitutes a punishment; violates the First Amendment overbreadth doctrine; and chills inmates' protected expression.

Doc. 8 at 2-4.

After "eliminat[ing] conclusory allegations, mere 'labels …,' and any 'formulaic recitation of the elements of a cause of action," the Court cannot discern what circumstances gave rise to this lawsuit.  *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022).  The Amended Complaint therefore fails to state a cognizable claim under any theory.  The Court will dismiss the Amended Complaint (Doc. 8) under 28 U.S.C. § 1915A.  *Pro se* prisoners are ordinarily be given an

opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Wiggins may file a single, amended complaint that does not exceed 25 pages within thirty (30) days of entry of this Order. If Wiggins prefers to proceed in *Wiggins v. LNU,* 22-cv-279 JCH-KBM - which as noted below, is not subject to consolidation at this time – he need not respond to this Order. The failure to timely file a single amended complaint that complies with Rule(a) and the above instructions will result in dismissal of this case without prejudice to proceeding in *Wiggins v. LNU,* 22-cv-279 JCH-KBM.

## B.  Wiggins' Procedural Motions

Wiggins also asks the Court to issue a refund, consolidate cases, refer this case to the Magistrate Judge for proposed findings, and issue notice or service forms. As to the first request, Wiggins argues the Clerk's initial failure to apply the $402 filing fee in this case prompted him to file *Wiggins v. LNU,* 22-cv-279 JCH-KBM. Because Wiggins paid a $25 partial filing fee in *Wiggins v. LNU,* 22-cv-279 JCH-KBM, he asks the Court to refund $25 in this case.

Section 1915 of Title 28 "calls for assessment of 'a[] … filing fee' each time a prisoner 'brings a civil action.'" *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (quotations omitted). Wiggins elected to file a new action, rather than waiting for a resolution of the filing fee issue in this case. While the situation may be frustrating, there is no authority permitting a refund under these circumstances. The Administrative Office of the United States Courts' Guide to Judicial Policy, which is persuasive authority, prohibits refunds:

§ 650.10 Applicability

> The Judicial Conference's current policy on refunding filing fees, in effect since 1949, has been broadly interpreted to generally prohibit refunds of fees due upon filing, even if a party filed the case in error or the court dismissed the case or proceeding.

Guide to Judiciary Policy, Vol. 4, Ch. 6, § 650.10, *available at* ttps://jnet.ao.dcn/policyguidance/guide-judiciary-policy/volume-4-court-and-case-administration/ch-6-fees#650_10, site last visited March 1, 2023.  *See also In re Sony BMG Music Entm't*, 564 F.3d 1, 7 (1st Cir. 2009) (noting the Guide is persuasive authority because it codifies the policies promulgated by the Director of the Administrative Office and "approved by the Judicial Conference of the United States."). The Court therefore declines to refund $25 of the $402 filing fee paid in this case.

With respect to consolidation, such relief is only appropriate if two or more "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). "The purpose of consolidation … [is] to dispose of cases expeditiously and economically." *Cooper Clark Found. v. Oxy USA Inc.*, 785 Fed. App'x 579, 583 (10th Cir. 2019). As noted above, the facts and law governing this case have yet to be defined. Even if Wiggins intended to file the same claims here and in *Wiggins v. LNU,* 22-cv-279 JCH-KBM, it would not be economical to consolidate before he files a cognizable pleading in this case. The Court will therefore deny the request for consolidation without prejudice.

Wiggins' final requests that the Court issue findings/conclusions and serve notice regarding the constitutionality of a statute are also premature. Prisoner cases are not referred to a Magistrate Judge for findings and conclusions unless and until the claims survive initial review. *See* 28 U.S.C. § 1915A (requiring *sua sponte* screening of claims); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (When a pleading states a claim, courts often order a *Martinez* report, *i.e.,* "a[n] … investigation and report" aimed at ferreting out the "factual or legal bases for [the] claims.").

Similarly, the Court does not aid in serving defendants unless a prisoner is proceeding *in forma pauperis* and the operative pleading states a cognizable federal claim. *See* 42 U.S.C. § 1997e(g)(1)-(2) ("a defendant is not required to reply to any action brought by an inmate until the Court orders a response"); Fed. R. Civ. P. 4(c) (permitting court-supplied service where a plaintiff is proceeding *in forma pauperis*). Wiggins is not proceeding *in forma pauperis* in this case, and no pleading has survived initial review. The Court will therefore deny without prejudice Wiggins' requests for notice, service, or findings/conclusions on substantive claims.

**IT IS ORDERED** that Plaintiff Matthew Wiggins' Amended Prisoner Civil Rights Complaint (**Doc. 8**) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A; and Wiggins may file an amended complaint within thirty (30) days of this Order.

**IT IS FURTHER ORDERED** that all requests for relief in Wiggins' Motion Showing Cases are One Case (**Doc. 26**) and Request for Findings and Conclusions (**Doc. 27**) are **DENIED.**

**IT IS SO ORDERED**.

                                                 **KEA W. RIGGS**
                                               **UNITED STATES DISTRICT JUDGE**