# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Plaintiff,

v.                                       No. 1:21-cv-00670-KWR-KBM, Lead Case

FNU HATCH, *et al*,

    Defendants.

## CONSOLIDATED WITH:

MATTHEW WIGGINS,

    Plaintiff,

v.                                         No. 1:22-cv-00279-KWR-KBM

FNU LNU, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Matthew Wiggins' *pro se* Amended Prisoner Civil Rights Complaint (Doc. 29) (Amended Complaint).[1] Plaintiff is incarcerated and proceeding *in forma pauperis*. He filed the Amended Complaint in response to two separate screening rulings, which were entered before the above-captioned cases were consolidated. *See* Doc. 29 in 21-cv-670 KWR-KBM; Doc. 24 in 22-cv-279 JCH-KBM. In those rulings, Plaintiff was advised that one or more initial pleading failed to comply with Fed. R. Civ. P. 8(a) and/or state a cognizable claim under 28 U.S.C. § 1915(e). Plaintiff was further advised that his amended pleading must contain a short, plain statement of the grounds for relief and allege that each

---

[1] Unless otherwise noted, all docket references are to the lead case, No. 21-cv-670 KWR-KBM.

defendant personally participated in the wrongdoing. The screening rulings noted that a successful complaint must identify "exactly who is alleged to have done what to whom" so that each defendant has notice of the basis of the claims against them. *Robbins v. Okla.*, 519 F.3d 1242,1250 (10th Cir. 2008).

Plaintiff filed a copy of the Amended Complaint on March 21, 2023 in both cases, which are now consolidated. *See* Doc. 29 in 21-cv-670 KWR-KBM; Doc. 24 in 22-cv-279 JCH-KBM. The Amended Complaint contains 20 pages of allegations along with over 70 pages of exhibits. It references many individuals but contains a list of 16 Defendants: David Gonzales; Daniel Sedrlo; Andrew Wagner; New Mexico Corrections Department (NMCD); Alisha Tafoya-Lucero; Office of the Secretary of Corrections; Gary Maciel; Heather Jaramillo; K. Rivera; Martin; Bobbio; Trujillo; H. Osorio; Montoya; Summit Food Services Company (Summit); and an Unnamed Summit Supervisor. *Id.* at 17-20. The Amended Complaint only provides addresses for service on those 16 Defendants. *Id.* Based on the prior warnings regarding Rule 8(a) and the 42 U.S.C. § 1983 pleading standards, the Court will limit its current review to whether the allegations in pages 1 through 20 of the Amended Complaint and one associated notice (Doc. 25 in 22-cv-279 JCH-KBM) state a cognizable claim against each of the 16 named Defendants. The Court will not consider factual allegations in the 70 pages of exhibits. Plaintiff is not prohibited from seeking leave to amend, if he intended to assert more facts or sue other individuals in the Amended Complaint, but the Court will take no *sua sponte* action with respect to another amendment.

The Amended Complaint alleges Defendants Martin, Montoya, Jaramillo, Bobbio, Sedrlo, and Trujillo "supervised [a] beating of Plaintiff" in violation of, inter alia, the Eighth Amendment. *Id.* at 11. Plaintiff was allegedly slammed to the ground while officers placed their knees on his

back, and he struggled to breathe. Defendant Osorio also allegedly threw pepper spray gel into Plaintiff's eyes and mouth, causing some vision impairment. Construed liberally, a separate notice appears to allege Defendant Wagner retaliated by accusing Plaintiff of violating the Prison Rape Elimination Act. *See* Doc. 25 at 22-cv-279 JCH-KBM. These Defendants are sufficiently tied to the alleged wrongdoing, and the factual allegations warrant an answer under Rule 12(b)(6) and 28 U.S.C. § 1915(e). Defendants Martin, Montoya, Jaramillo, Bobbio, Sedrlo, Trujillo, Osorio, and Wagner must file an answer to the Amended Complaint, as set forth below.

As to the Summit Defendants, Alisha Tafoya-Lucero/Office of Secretary of Corrections, NMCD, and Prison Director Gary Maciel, Plaintiff alleges they violated his right to practice his Islamic religion. The Amended Complaint alleges, inter alia, that Plaintiff "begged each one of the[se] defendants" to provide Halal food, as required by his religion, but they refused. Doc. 29 at 9-13. Elsewhere, the Amended Complaint alleges the violation of religion rights was "traceable to poor hiring practices, inadequate training, or insufficient supervision" at his prison and NMCD. *Id.* at 6. The Amended Complaint therefore adequately alleges that the Summit Defendants, Alisha Tafoya-Lucero, NMCD, and Maciel were either involved in the alleged religious violation or maintained a policy that caused a potential constitutional violation. While certain claims for money damages may be barred against state officials acting in their official capacities, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989), the Amended Complaint seeks injunctive relief regarding the prison system's religious rules. *See* Doc. 29 at 16; *Brown v. Montoya*, 662 F.3d 1152, 1161 (10th Cir. 2011) ("Section 1983 plaintiffs may sue … official-capacity defendants … for injunctive relief"). The Court will therefore direct the Summit Defendants,[2] Alisha Tafoya-

---

[2] The Court will mail a Notice and Waiver of Service form and a copy of the Amended Complaint to the

3

Lucero/Office of Secretary of Corrections, NMCD, and Maciel to file an answer to the Amended Complaint.

Plaintiff names two additional Defendants: Deputy Warden David Gonzales and Grievance/Disciplinary Officer K. Rivera. These Defendants primary appear in paragraphs where Plaintiff lists a variety of names; states the "same actions" or "same patterns" identified in the Amended Complaint apply to that list; and sets out conclusory statements that the group engaged in harassment, intimidation, or some adverse action. *See, e.g.,* Doc. 29 at 3, 5, 12. "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013). "Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Id.*

To the extent Plaintiff includes a few specific, discernable factual allegations against Gonzales or Rivera, they are directed at the grievance process and Plaintiff's disciplinary proceeding. The Amended Complaint alleges Gonzales imposed "punitive sanctions" rather than applying a presumption of innocence and issued/affirmed a write-up for assaulting an officer. *See* Doc. 19 at 5, 12. K. Rivera allegedly failed to answer a grievance; would not permit Plaintiff to attend his disciplinary hearing or enter a statement; and was in the room when Jaramillo issued a threat. *Id.* at 3, 5-6, 18.[3] Mishandling the grievance process is not actionable under 42 U.S.C. § 1983, as "there is no independent constitutional right to [effective] state administrative grievance

---

Unnamed Summit Service, as an initial attempt at service. If service is unsuccessful, Plaintiff may be required to provide more information at a later time.

[3] Rivera's name also appears in a list of Defendants that follows a statement regarding Alisha Tafoya-Lucero. It is not clear what information, if any, this is meant to convey about Rivera.

4

procedures." *Boyd v. Werholtz*, 443 Fed. App'x 331, 332 (10th Cir. 2011) (collecting cases); *Von Hallcy v. Clements*, 519 Fed. App'x. 521, 524 (10th Cir. 2013) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system). Moreover, under *Heck v. Humphrey*, 512 U.S. 477 (1994), a prisoner may not assert a § 1983 claim challenging either the procedures or the result of a prison disciplinary proceeding if the claim would "necessarily imply the invalidity of" the resulting punishment. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (extending *Heck* to disciplinary proceedings). The only exception is where the prisoner demonstrates that his disciplinary punishment was previously invalidated. *Id.* Absent facts showing Plaintiff's write-up was vacated, he cannot collect damages under § 1983 from Gonzales or and Rivera based on his prison discipline.[4] If Plaintiff wishes to challenge a prison disciplinary proceeding that impacted a liberty interest, such as a loss of good-time credits, he must raise that claim in a 28 U.S.C. § 2241 habeas proceeding.

For these reasons, the Amended Complaint fails to state a cognizable claim against Gonzales or Rivera. The Court will dismiss the claims against those Defendants without prejudice. *See Bryner v. Utah*, 429 Fed. App'x 739, 744 (10th Cir. 2011) (claims dismissed pursuant to *Heck* should be entered without prejudice). The Court will mail Notice and Waiver of Service Forms to the remaining Defendants at the addresses listed in the Amended Complaint. If any Defendant receives the Notice but declines to waive service, the Court may impose costs pursuant to Fed. R. Civ. P. 4(d)(2). If any Notice is returned as undeliverable, Plaintiff may be ordered to provide more information so that the Court can effectuate service. *See Washington v. Correia,* 546 Fed. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of

---

[4] The alleged facts also fail to sufficiently tie Gonzales or Rivera to any alleged retaliation.

defendants to effectuate service … even when the plaintiffs are in prison.").

**IT IS ORDERED** that to the extent Plaintiff's Amended Prisoner Civil Rights Complaint (**Doc. 29**) raises claims against Deputy Warden David Gonzales or K. Rivera, such claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **ISSUE** Notice and Waiver of Service Forms, along with a copy of this Order; the Amended Complaint (**Doc. 29**); and the associated Notice (**Doc. 25 in 1:22-cv-00279-KWR-KBM**) to the following Defendants, using the addresses listed in the Amended Complaint (Doc. 29 at 17-20): (1) Daniel Sedrlo; (2) Andrew Wagner; (3) NMCD; (4) Alisha Tafoya-Lucero/Office of the Secretary of Corrections; (4) Gary Maciel; (5) Heather Jaramillo; (6) Unit Manager Martin; (7) Sergeant Bobbio; (8) Lieutenant C. Trujillo; (9) C/O H. Osorio; (10) Unit Manager Montoya; (11) Summit Food Service Company; and (12) Unnamed Summit Food Service Company Supervisor.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**