UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

    Plaintiff,

v.                                                                          No. 1:21-cv-0670 KWR/DLM

T. HATCH, Warden, *et al.*,

    Defendants.

                                                                 *Consolidated with* No. 1:22-cv-0279-KWR/DLM

MATTHEW WIGGINS,

    Plaintiff,

v.

FNU LNU, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO PROCEED PURSUANT TO 28 U.S.C. § 1915**

**THIS MATTER** is before the Court on Plaintiff Matthew Wiggins's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Doc. 123.) On September 30, 2024, the Court entered an Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD), granting Defendants' Motion to Dismiss in Part and Motion for Partial Summary Judgment and dismissing Wiggins's Complaint. (*See* Doc. 117.) Wiggins filed a Notice of Appeal, which the Tenth Circuit docketed as Case No. 24-2160. (Docs. 119; 121.) Wiggins now seeks to proceed in forma pauperis on his appeal to the Tenth Circuit. (*See* Doc. 123.)

**I.    Legal Standard**

"In order to succeed on [a motion for leave to proceed in forma pauperis on appeal], an

appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Mohammad v. Albuquerque Police Dep't*, No. CV 16-0764 JB/WPL, 2016 WL 9021735, at *1 (D.N.M. Dec. 16, 2016) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." *Id.* (quoting 28 U.S.C. § 1915(a)(3)). To determine whether an appeal is taken in good faith, the Court uses an objective standard and reviews whether the issues on appeal are frivolous. *See id.* (discussing *Spearman v. Collins*, 500 F. App'x 742, 743 (10th Cir. 2012)). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.* (quoting *Spearman*, 500 F. App'x at 743) (citing *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (noting that an appeal is frivolous if it "lacks an arguable basis in either law or fact")).

**II.     Analysis**

Based on the exhibits to the motion and the representations therein, the Court finds Wiggins lacks sufficient funds to prepay the appellate filing and docketing fees. (*See* Doc. 123.) The Court further finds, however, that Wiggins does not bring his appeal in good faith. In his Notice of Appeal, Wiggins lists four issues.

First, Wiggins "objects to all adverse rulings, as abuse of discretion, and prejudice." (Doc. 119 at 1.) The Court finds this broad objection fails to identify "the existence of a reasoned, nonfrivolous argument on the law and facts . . . ." *See DeBardeleben*, 937 F.2d at 505.

Second, Wiggins states that the Court based its "decision to dismiss [his] claims on him not answering defendants ??? answer to their order of a Martinez report???. [sic]" (Doc. 119 at 1.) He further states that "some of the finding[s] in [the Order Adopting the PFRD] are untrue . . . ."

2

(*Id.* (citing Doc. 117).) He identifies only one finding: the Court's statement that Wiggins asserted that "[h]e did not receive a copy of an order granting Defendants an extension of time to file the *Martinez* report . . . ." (*See id.*; *see also* Doc. 117 at 2.) Wiggins clarifies that he received that order of extension "only after the district court granted the defendants [an] extension." (Doc. 119 at 1.) As was noted in the Order Adopting the PFRD, "the Court considered each of [Wiggins's] filings, no matter when he filed them[,]" and Wiggins "did not assert he needed more time to adequately respond and was denied that opportunity . . . ." (*See* Doc. 117 at 2.) "Accordingly," the Court held, "it is unclear on what basis he alleges the Court erred." (*Id.*) Wiggins fails to clarify this basis in his Notice of Appeal, and the Court finds Wiggins fails to identify "a reasoned, nonfrivolous argument on the law and facts in support of [this issue] on appeal." *See DeBardeleben*, 937 F.2d at 505.

Third, it appears that Wiggins argues the Court did not consider evidence he submitted in response to the motion for summary judgment. (*See* Doc. 119 at 2 ("it is not his [fault] the court did not [view] any of his evidence?.").) This issue relates to the following finding in the Order Adopting the PFRD:

> [Wiggins objects to the PFRD on the basis that t]he Court failed to take his factual allegations as true for the purpose of ruling on the motion to dismiss. *See* Doc. 116. The Court disagrees and concludes that this objection lacks specificity. Plaintiff generally asserts this objection but does not specifically point to which factual allegations in his complaint the Court failed to consider as true, or how the failure to consider those facts as true led to the dismissal of his case. Moreover, this matter was partially before the Court on a summary judgment motion. At the summary judgment stage, even *pro se* parties are required to support their factual assertions with citations to admissible evidence, and the Court is not required to search the record for a party. Fed. R. Civ. P. 56(a), (c). Here, Plaintiff in general does not specifically dispute Defendants' asserted summary judgment facts, or cite to evidence in support of his disputes. Fed. R. Civ. P. 56; D.N.M. LR-Civ. 56.1

(Doc. 7 at 5.) Wiggins fails to mount any colorable argument in his Notice of Appeal that he adequately disputed the summary judgment facts or supported his factual assertions with citations

3

to admissible evidence. (*See* Doc. 119.) Thus, the Court finds this "argument[] of error [is] wholly without merit." *See Spearman*, 500 F. App'x at 743.

Finally, Wiggins asserts that "not answering the defendants answers . . . should not be a valid grounds for this court to dismiss a valid claim . . . ." (Doc. 119 at 2.) He alleges that "proof of prejudice is defendants summit et al, did not make any answer, and was not looked at after any of that?." (*Id.*) This issue references Wiggins's objection that the "Summit Defendants did not file an answer or respond to any filings." (*See* Doc. 117 at 3.) The Court disagreed with the objection and noted that the Summit Defendants had filed an answer and responded to the Court's order "to state whether and to what degree they joined the NMCD Motion . . . ." (*See id.* (citing Docs. 54; 61; 86; 92).) The Court found that Wiggins failed to make clear what he was referring to "in claiming that [the] Summit Defendants did not answer." (*See id.*) The same holds true in his Notice of Appeal, where Wiggins fails to flesh out this issue or support his argument with "an arguable basis in either law or fact." *See Thompson*, 289 F.3d at 1222.

In short, the Court finds that Wiggins's appeal is frivolous, because he fails to support his arguments of error with law or fact. Accordingly, the Court will **DENY** his Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Doc. 123.)

       /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

4